# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COOK CHILDREN'S HEALTH CARE SYSTEM, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. N18C-06-007 CLS |
| CORNERSTONE ONDEMAND, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

Date Submitted: October 1, 2019
Date Decided: December 18, 2019

*Upon Defendant Cornerstone OnDemand Inc's Motion for Summary Judgment*
**Denied.**

Patricia A. Winston, Esquire, Kathleen A. Murphy, Esquire, Morris James LLP, Wilmington, Delaware, Geoffrey Scott Harper, Esquire, Of Counsel, Winston & Strawn LLP, Dallas, Texas, Attorneys for Plaintiff.

Douglas D. Herrmann, Esquire, Ellis E. Herington, Esquire, Pepper Hamilton LLP, Wilmington, Delaware, Lawrence J. Imel, Esquire, Of Counsel (*pro hac vice*), Lurie, Zepeda, Schmalz, Hogan & Martin, Los Angeles, California, Attorneys for Defendant.

**SCOTT, J.**

Before the Court is Defendant Cornerstone OnDemand Inc.'s Motion for Summary Judgment. For the following reasons, Defendant's motion is DENIED.

## Background

Plaintiff Cook Children's Health Care System ("Plaintiff") and Defendant Cornerstone OnDemand, Inc. ("Defendant") entered into an agreement in July 2017. The instant case is a contractual dispute based on that 2017 agreement. In its Complaint, Plaintiff alleges Breach of Contract, Fraudulent Inducement, and Declaratory Judgment against Defendant. In its Answer, Defendant alleges Breach of Contract against Plaintiff.

## Parties' Assertions

Defendant filed a motion for summary judgment arguing that it is entitled to summary judgment on all three of Plaintiff's claims. On the breach of contract claim, Defendant argues the 2017 agreement did not obligate Defendant to complete the project by November 1, 2017 and that Plaintiff breached the 2017 agreement before November 1st by failing to make the first payment by August 29, 2017 and by failing to provide Defendant with certain deliverables. On the fraudulent inducement claim, Defendant argues that there is no evidence that Defendant intentionally or recklessly misrepresented its ability to fulfill its obligations. On the declaratory judgment claim, Defendant argues a declaratory judgment for Plaintiff is improper because Plaintiff breached the agreement.

2

Plaintiff argues that summary judgment is not proper on any of its claims because there are genuine issues of material fact. Plaintiff argues that Defendant failed to file admissible evidence in support of its motion to suppress. Plaintiff contends that there is a genuine issue of material fact as to whether Defendant breached the contract or anticipatorily repudiated prior to Plaintiff's alleged breach of the agreement. Finally, Plaintiff argues that Defendant repeatedly represented to Plaintiff that it could complete the project by November 1, 2017 and that Defendant intentionally drafted schedules showing that the project would be done by November 1st when it knew that the entire project could not be completed until much later.

## Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[2] This Court considers all of the facts in a light most favorable to the non-moving party.[3]

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019); *Triumph Mortg. Corp. v. Glasgow Citgo, Inc.*, 2018 WL 1935968, at *3 (Del. Super. Apr. 19, 2018).
[3] *Infante*, 2019 WL 3992101, at *1; *Triumph Mortg. Corp.*, 2018 WL 1935968, at *3.

3

## Discussion

### A. Breach of Contract Claim

On Plaintiff's breach of contract claim, there are genuine issues of material fact. A material breach "acts as a termination of the contract going forward, abrogating any further obligations to perform by the non-breaching party."[4] Although Defendant alleges that Plaintiff materially breached the terms of the 2017 agreement by failing to make the first payment on August 29, 2017, Plaintiff has demonstrated that there is a question as to whether Defendant breached the agreement or anticipatorily repudiated the agreement prior to Plaintiff's alleged breach. Plaintiff has put forth evidence suggesting that Defendant stated, on August 23, 2019, that it would be unable to complete the project before November 1, 2017.[5] Regardless of whether November 1, 2017 was the date set for the completion of the project, Plaintiff explains that the terms of the contract itself suggest that the project should have been completed 10 weeks after the effective date of the contract—by October 8, 2017.[6] Accordingly, there are genuine issues of material fact as to which party first materially breached the 2017 agreement; summary judgment on Plaintiff's breach of contract claim is not proper.

---

[4] *Carey v. Estate of Myers*, 2015 WL 4087056, at *20 (Del. Super. July 1, 2015).
[5] Pl.'s Ex. 1 (affidavit of Lori Goosen).
[6] July 30, 2017 is the effective date of the agreement. Pl.'s Ex. 6; Def.'s Ex. 2. Ten weeks from July 30, 2017 is October 8, 2017.

4

## B.    Fraudulent Inducement Claim

On Plaintiff's fraudulent inducement claim, there are genuine issues of material fact.  The elements of a fraudulent inducement claim are:  1) a false statement or misrepresentation; 2) that the defendant knew was false or made with reckless indifference to the truth; 3) the statement induced the plaintiff to enter the agreement; 4) the plaintiff's reliance was reasonable; and 5) the plaintiff was injured as a result.[7]  Defendant argues that Plaintiff cannot establish that Defendant made a misrepresentation or that Defendant made this misrepresentation knowing it was false or with reckless indifference to the truth.  Plaintiff has put forth evidence which suggests that Defendant initially told Plaintiff that the project could be completed by November 1, 2017 but later told Plaintiff that the project could not be completed by November 1st.[8]  Plaintiff also identified a lack of evidence showing that Defendant's sales team checked with the implementation team to ensure that the project could be completed by November 1st; this omission suggests that the alleged misrepresentation might have been made with reckless indifference to whether or

---

[7] *ITW Glob. Invs. Inc. v. Am. Indus. Partners Capital Fund IV, L.P.*, 2017 WL 1040711, at *6 (Del. Super. Mar. 6, 2017); *see Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000) (providing the five elements for a claim of fraud).

[8] Pl.'s Ex. 1.

5

not the project could actually be completed by November 1st.[9] Thus, summary judgment on Plaintiff's fraudulent inducement claim is not proper.

### C. Declaratory Judgment Claim

Plaintiff's declaratory judgment claim is tied to its breach of contract claim. As discussed above, there is a genuine issue of material fact as to which party first breached the contract. Thus, summary judgment on Plaintiff's declaratory judgment claim is not proper.

### Conclusion

For the forgoing reasons, Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

The Honorable Calvin L. Scott, Jr.

---

[9] On a motion for summary judgment, the facts are viewed in a light most favorable to the non-moving party. *Infante*, 2019 WL 3992101, at *1. Thus, the Court will view the fact that the Court was not provided with internal emails between Defendant's sales team and its implementation team in a light most favorable to Plaintiff.